LDA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL GRANGE MUTUAL INSURANCE COMPANY :

vs. : C.A. No.

STEPHEN CAPOZZOLI, SHERRI A. CAPOZZOLI, DAVID M. CAPOZZOLI and BEVERLY M. CAPOZZOLI :

05 078L

**COMPLAINT**

**Parties**

1. Plaintiff, National Grange Mutual Insurance Company (hereafter "National Grange"), is a New Hampshire surety company with a principal place of business in Keene, New Hampshire. It is licensed to do business in the State of Rhode Island.

2. Defendants, Stephen Capozzoli, Sherri A. Capozzoli, David M. Capozzoli and Beverly M. Capozzoli (hereafter collectively, "the Individual Indemnitors") are individuals and residents of the State of Rhode Island.

3. At all times relevant hereto, defendant Stephen Capozzoli was President of State Electric, Inc., (hereafter, "State") a Rhode Island Corporation. Sherri A. Capozoli is Stephen Capozzoli's wife.

4. At all times relevant hereto, defendant David M. Capozzoli was the Vice-President of State. Defendant Beverly M. Capozzoli is David M. Capozzoli's wife.

**Jurisdiction and Venue**

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. This court's jurisdiction is founded upon 28 U.S.C. §1332(a)(1).

7. Venue properly lies in the District of Rhode Island because the Individual Indemnitors are all residents of the State of Rhode Island. In addition, the construction projects at issue are or were located within the State of Rhode Island

**Facts Common to All Counts**

8. At the request of State and the Individual Indemnitors, on various dates after February 18, 1994, National Grange, as surety, issued on State's behalf, performance and payment bonds on a number of construction projects, including the Providence College Center for the Arts (Bond No. S-240129 in the amount of

$2,034,102.00). National Grange, as surety, also issued a Wage and Fringe Benefit Bond naming the IBEW Local 99 as Obligee on August 16, 2001 (Bond No. S-228887 in the amended amount of $200,000.00 as of August 17, 2003) (hereafter, "the Bonds").

9. As an inducement to the issuance of the Bonds by National Grange, the Individual Indemnitors executed an indemnification agreement dated February 18, 1994 ("the Indemnity Agreement") binding themselves, inter alia, to indemnify National Grange for any sums paid out by National Grange in connection with the issuance of bonds to State.

10. Over the course of the last several months, National Grange has received notice from the Obligees of the Bonds that State has defaulted in its obligations under the contracts between State and the Obligees resulting in claims being made under the Bonds issued by National Grange.

11. Over the course of the last several months, National Grange has received notice from certain of the subcontractors and suppliers to State on the Providence College Center for the Arts project (hereafter, "the Arts Center") of payment bond claims against bond No. S-240129 for sums owed to the subcontractors and suppliers by State.

12. Over the course of the last several months, National Grange has received notice from State that it is experiencing financial problems that prevent it from being able to meet its contractual obligations concerning the contracts for which National Grange issued the Bonds as well as its obligations to its subcontractors and suppliers.

13. On November 22, 2004, National Grange paid to the IBEW Local 99, $200,000.00, the full penal amount of bond No. S-228887 in response to a claim filed against that bond. National Grange made the payment after State indicated that it owed the money and was unable to make the required payment itself.

14. On or about January 20, 2005, National Grange was notified by Turgeon Construction Co., the Obligee for bond No. S-240129, that State had abandoned the project and was unable to complete it. National Grange has set a preliminary reserve for losses on this project at $1,052,360.08.

15. National Grange has been notified that on January 21, 2005, a temporary receiver was appointed for State by the Kent County Superior Court. Upon information and belief, State has now ceased operation and is currently insolvent.

16. As a consequence of State's default on the contracts related to the Bonds and its failure to pay its subcontractors and suppliers, National Grange has been required to expend funds to investigate the bonded projects, make payments under the Bonds and to act to ensure completion of the Arts Center.

17. In accordance with the terms of the Indemnity Agreement, National Grange has repeatedly demanded that the Individual Indemnitors reimburse National

Grange for the sums that it has expended under the Bonds and demanded that the Individual Indemnitors post sufficient collateral to secure National Grange against potential losses.

18. To date, the Individual Indemnitors have refused to reimburse National Grange or to post any collateral in response to the demand made by National Grange.

**COUNT I**
**(Specific Performance of the Indemnity Agreement)**

19. National Grange hereby incorporates the allegations in paragraphs 1 through 18, above, as if restated in full.

20. At all times relevant hereto, National Grange has been in full compliance with its obligations to State and the Individual Indemnitors under the terms of the Bonds and the Indemnity Agreement.

21. The failure and/or refusal of the Individual Indemnitors reimburse National Grange for the payment made under bond No. S-228887 and to post reasonable, proper and appropriate reserve collateral constitutes a breach of the Indemnity Agreement.

22. As a result of the breach of the Indemnity Agreement by the Individual Indemnitors, National Grange has been damaged in that it has posted a preliminary reserve to cover claims asserted against the Bonds in the amount of $1,052,360.08 as to Bond No. S-240129, and has been required to pay claims and expenses exceeding $200,000.00 relative to Bond No. S-228887 without adequate security to cover the reserve or the funds paid out by National Grange.

23. As a result of the breach of the Indemnity Agreement by the indemnitors, National Grange continues to be damaged in that the claims presented to National Grange and which continue to be presented to National Grange relative to the bond No. S-228887 continue to grow requiring that National Grange post additional reserves in addition to continuing to pay any claims which are determined to be valid, all without sufficient reserve collateral.

24. National Grange is without a plain, speedy or adequate remedy at law, and will be irreparably and permanently injured unless the court grants the equitable relief as prayed for herein.

WHEREFORE, Plaintiff, National Grange Mutual Insurance Company requests that judgment enter against all of the defendants, jointly and severally, ordering specific performance of the terms of the Indemnity Agreement, including but not limited to, the posting of reasonable and appropriate reserve collateral upon demand of National Grange and full indemnification by the Individual Indemnitors for any and all claims made and expenses paid by National Grange pursuant to the bonds.

**COUNT II**
**(Breach of Contract)**

25. National Grange hereby incorporates the allegations in paragraphs 1 through 24, above, as if set forth in full.

26. As a result of the breach of the Indemnity Agreement by the Individual Indemnitors, National Grange has been damaged in that it has posted a preliminary reserve to cover claims asserted against the Bonds in the amount of $1,052,360.08 as to Bond No. S-240129, and has been required to pay claims and expenses exceeding $200,000.00 relative to Bond No. S-228887 without adequate security to cover the reserve or the funds paid out by National Grange.

27. As a result of the breach of the Indemnity Agreement by the Individual Indemnitors, National Grange continues to be damaged in that the claims presented to National Grange and which continue to be presented to National Grange relative to the bond No. S-228887 continue to grow requiring that National Grange post additional reserves in addition to continuing to pay any claims which are determined to be valid, all without sufficient reserve collateral and reimbursement for same.

28. There is a complete absence of a justiciable issue of either law or fact for the failure of the Individual Indemnitors to pay National Grange the sums owed under the Indemnity Agreement.

WHEREFORE, Plaintiff, National Grange Mutual Insurance Company demands judgment against the defendants jointly and severally for full indemnification for any and all claims and expenses paid by National Grange pursuant to the Bonds and that National Grange be awarded its attorneys fees in connection with this action pursuant to R.I.G.L. §9-1-45.

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY
By its Attorneys,
CARROLL KELLY & MURPHY

PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404 (fx)

**PLAINTIFF HEREBY DEMANDS**
**TRIAL BY JURY**
Dated: 2/22/05