UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY | : | |
| vs. | : | C.A. No. 05-078L |
| STEPHEN CAPOZZOLI, SHERRI A. CAPOZZOLI, DAVID M. CAPOZZOLI and BEVERLY M. CAPOZZOLI | : | |

**APPLICATION TO COURT FOR ENTRY OF JUDGMENT BY DEFAULT PURSUANT TO RULE 55(b)(2) AGAINST DEFENDANTS DAVID M. CAPOZZOLI AND BEVERLY M. CAPOZZOLI**

Defendants in this action, David M. Capozzoli and Beverly M. Capozzoli, having been defaulted, Plaintiff, National Grange Mutual Insurance Company, hereby makes application to the Court for the Entry of Judgment By Default pursuant to Rule 55(b)(1) of the Federal Court Rules of Civil Procedure for the Plaintiff and against the Defendants, jointly and severally in the amount of $896,716,95 plus $16,357.92 in statutory interest. In support of this motion, the Court is respectfully referred to the affidavit of Eli Cinq-Mars and the Memorandum of Law, filed contemporaneously herewith. The Plaintiff further states that the amount sought is a sum certain or which can, by computation, be made certain.

NATIONAL GRANGE MUTUAL INSURANCE COMPANY
By its Attorneys,
CARROLL KELLY & MURPHY

[signature]

PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272

**CERTIFICATION**

I hereby certify that a copy of the within was mailed to David M. Capozzoli and Beverly M. Capozzoli, 360 Burnt Hill Road, Scituate, RI on the 3 day of Oct, 2005.

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY | : | |
| vs. | : | C.A. No. 05-078L |
| STEPHEN CAPOZZOLI, SHERRI A. CAPOZZOLI, DAVID M. CAPOZZOLI and BEVERLY M. CAPOZZOLI | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS APPLICATION TO COURT FOR ENTRY OF JUDGMENT BY DEFAULT PURSUANT TO RULE 55(b)(2) AGAINST DEFENDANTS DAVID M. CAPOZZOLI AND BEVERLY M. CAPOZZOLI**

This matter concerns surety bonds issued to State Electric, Inc. ("State") by the plaintiff, National Grange Mutual Insurance Company ("National Grange"). State was placed into Receivership in January of 2005 and is no longer in business. All four of the named defendants are individual indemnitors relative to the bonds. Defendants Stephen and Sherri Capozzoli previously filed for bankruptcy protection and a Suggestion of Bankruptcy on the Record was filed with this court on June 16, 2005. Defendants David M. Capozzoli and Beverly M. Capozzoli were defaulted in this action on April 8, 2005 for failure to file an Answer to the plaintiff's Complaint. This matter is currently before the court on National Grange's Motion for Entry of Judgment by Default.

At all times relevant hereto, David M. Capozzoli was Vice-President of State, a Rhode Island corporation. Beverly M. Capozzoli is David M. Capozzoli's wife. See Affidavit of Eli Cinq-Mars at ¶3 (hereafter, "Aff. At ¶ __"). On or about November 4, 2003, National Grange, as surety, issued on State's behalf and at its

specific request, performance and payment bonds relative to a project known as the Providence College Center for the Arts (Bond Nos. S-240129 in the amount of $2,034,102.00, copies are attached to the Affidavit of Eli Cinq-Mars as Exhibits A and B). Aff. At ¶4. The named Obligee of the performance bond is E. Turgeon Construction Company ("Turgeon"). Id.

National Grange, as surety, also issued on State's behalf and at its specific request a Wage and Fringe Benefit Bond naming the IBEW Local 99 as Obligee on August 16, 2001 (Bond No. S-228887 in the amended amount of $200,000 as of August 17, 2003). A copy is attached to the Affidavit of Eli Cinq-Mars as Exhibit C. Aff. At ¶5.

As an inducement to the issuance of surety bonds to State, including the PC Bonds and the Local 99 Bond, David M. Capozzoli and Beverly M. Capozzoli, as well as the other named defendants, executed an indemnification agreement dated February 18, 1994 ("the Indemnity Agreement") binding themselves, inter alia, to indemnify National Grange for any sums paid out by National Grange in connection with the issuance of bonds to State. Aff. At ¶6. A copy of the Indemnity Agreement is attached to the Affidavit of Eli Cinq-Mars as Exhibit D. The Indemnity Agreement specifically provides as follows at paragraph Third:

**Indemnity And Hold Harmless**

> THIRD: The Contractor and Indemnitors shall exonerate, hold harmless, indemnify and keep indemnified the Surety from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, investigative costs, and from and against any and all other such losses and expenses which the Surety may sustain or incur:

> (A) By reason of having executed or procured the execution of Bonds;
> (B) By reason of the failure of the Contractor or Indemnitors to perform or comply with any of the covenants or conditions of this agreement;
> (C) In enforcing any of the covenants or conditions of this Agreement;
> (D) In making any investigation, obtaining or attempting to obtain a release, or recovering or attempting to recover loss or unpaid bond premium in connection with any Bond;
> (E) In prosecuting or defending any action or claim in connection with any Bond, whether Surety at its sole option elects to employ its own counsel, or permits or requires Contractor and Indemnitors to make arrangements for the Surety's legal representation.
>
> . . .
>
> In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety and the Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to reimbursement for any and all disbursements made by it in good faith in and about the matters contemplated by this Agreement under the belief that it is or was liable for the sums and amount so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety. In addition to the payments to be made to Surety as set forth above, Contractor and Indemnitor agree to pay to Surety interest on all disbursements made by Surety at the maximum rate permitted by law calculated from the date of each disbursement.

On November 22, 2004, National Grange paid to the IBEW Local 99, the sum of $200,000.00, the full penal amount of bond No. S-228887 in response to a claim filed against that bond. Aff. at ¶7. National Grange made the payment after State indicated that it owed the money and was unable to make the required payment

itself. Id. In connection with bond No. S-228887, National Grange has also paid out $4,467.41 in legal and consulting expenses. Id. Print outs detailing the payments made are attached to the Affidavit of Eli Cinq-Mars as Exhibit E.

In January of 2005, National Grange was notified by Turgeon that State had abandoned the PC Arts Center Project and was unable to complete it. Aff. at ¶8. National Grange was also notified of claims by numerous unpaid subcontractors and suppliers on the project. Id. Shortly thereafter, on January 21, 2005, a temporary receiver was appointed for State by the Kent County Superior Court. Aff. at ¶9. Since that time, a permanent receiver has been appointed for State, it has ceased operation and is currently insolvent. Id.

As a consequence of State's default on the PC Arts Center Project and its failure to pay its subcontractors and suppliers, National Grange has expended $659,461.59 to pay claims under the performance and payment bonds (No. S-240129) and $32,787.95 in legal and consulting expenses. Aff. at ¶10. Print outs detailing the payments made are attached to the Affidavit of Eli Cinq-Mars as Exhibit F.

In accordance with the terms of the Indemnity Agreement, National Grange demanded that all of the defendants, as individual indemnitors, reimburse National Grange for the sums expended under Bond Nos. S-240129 and S-228887. Aff. at ¶11. The bankruptcy of defendants Stephen Capozzoli and Sherri A. Capozzoli followed. Defendants David M. Capozzoli and Beverly M. Capozzoli have failed and refused to provide reimbursement to National Grange. Id.

There now remains due and owing from David M. Capozzoli and Beverly M. Capozzoli to National Grange on the claim which is the basis for the Complaint in

this action, the sum of $896,716.95 (the losses and expenses paid on Bonds S-228887 and S-240129), plus statutory interest of $16,357.92 (8%) relative to Bond No. S-228887 beginning on February 7, 2005, thirty days following the date of the last payment on the bond. Aff. at ¶12. No prejudgment interest is sought on bond S-240129 since the last payment on that bond was on August 30, 2005. Id.

The defendants have been duly credited for all payments or credits due and have no counterclaims, setoffs or defenses to this action and National Grange holds no security for the payment and/or satisfaction of this claim. Aff. at ¶13 and ¶14.

In accordance with the terms of the Indemnity Agreement, plaintiff National Grange Mutual Insurance Company respectfully requests entry of judgment in its favor against defendants David M Capozzoli and Beverly M. Capozzoli, jointly and severally, in the amount of $896,716.95 plus $16,357.92 in statutory interest.

NATIONAL GRANGE MUTUAL INSURANCE COMPANY
By its Attorneys,
CARROLL ~~KELLY &~~ MURPHY

PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272

**CERTIFICATION**

I hereby certify that a copy of the within was mailed to David M. Capozzoli and Beverly M. Capozzoli, 360 Burnt Hill Road, Scituate, RI on the 3 day of Oct., 2005.