UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY | : | |
| vs. | : | C.A. No. 05-078L |
| STEPHEN CAPOZZOLI, SHERRI A. CAPOZZOLI, DAVID M. CAPOZZOLI and BEVERLY M. CAPOZZOLI | : | |

**AFFIDAVIT IN PROOF OF CLAIM**

The undersigned, Eil Cinq-Mars, being duly sworn, upon oath deposes and says as follows:

1. I am employed by the plaintiff, National Grange Mutual Insurance Company as a Bond Claims attorney and I am responsible for handling the bond claims which form the basis for this matter. I am personally familiar with the facts stated herein.

2. Defendants, David M. Capozzoli and Beverly M. Capozzoli, have failed to appear in this action and were not at the time of the commencement of same, nor are now in the Military Service of the United States, as defined in Article 1 of the "Soldiers' Civil Relief Act of 1940", as amended, nor infants or incompetents, and that they are individuals with a residence address of 360 Burnt Hill Road, Scituate, RI.

3. At all times relevant hereto, David M. Capozzoli was Vice-President of State Electric, Inc., ("State") a Rhode Island corporation. Beverly M. Capozzoli is David M. Capozzoli's wife.

4. At the request of State, National Grange, as surety, issued on State's behalf, performance and payment bonds relative to a project known as the Providence College Center for the Arts (Bond Nos. S-240129 in the amount of $2,034,102.00, copies attached hereto as Exhibits A and B). The named Obligee of the performance bond is E. Turgeon Construction Company ("Turgeon").

5. National Grange, as surety, also issued on State's behalf a Wage and Fringe Benefit Bond naming the IBEW Local 99 as Obligee on August 16, 2001 (Bond No. S-228887 in the amount of $200,000 as of August 17, 2003. A copy is attached hereto as Exhibit C.

6. As an inducement to the issuance of surety bonds to State, including the PC Bonds and the Local 99 Bond, David M. Capozzoli and Beverly M. Capozzoli, as well as others, executed an indemnification agreement dated February 18, 1994 ("the Indemnity Agreement") binding themselves, inter alia, to indemnify National Grange for any sums paid out by National Grange in connection with the issuance of bonds to State. A true copy of the Indemnity Agreement is attached hereto as Exhibit D.

7. On November 22, 2004, National Grange paid to the IBEW Local 99, the sum of $200,000.00, the full penal amount of bond No. S-228887 in response to a claim filed against that bond. National Grange made the payment after State indicated that it owed the money and was unable to make the required payment itself. In connection with bond No. S-228887, National Grange has also paid out $4,467.41 in legal and consulting expenses. Attached hereto as Exhibit E is a true copy of a print out detailing every payment made by National Grange in connection with the bond. Page 1 is a summary of the losses and expenses paid. Page 2 is a list of payments by transaction, and Pages 3 and 4 show the details for each payment made.

8. In January of 2005, National Grange was notified by Turgeon that State had abandoned the PC Arts Center Project and was unable to complete it. National Grange was also notified of claims by numerous unpaid subcontractors and suppliers on the project.

9. On January 21, 2005, a temporary receiver was appointed for State by the Kent County Superior Court. Since that time, a permanent receiver has been appointed for State, it has ceased operation and, upon information and belief, is currently insolvent.

10. As a consequence of State's default on the PC Arts Center Project and its failure to pay its subcontractors and suppliers, National Grange has expended $659,461.59 to pay claims under the performance and payment bonds No. S-240129 and $32,787.95 in legal and consulting expenses. Attached hereto as Exhibit F is a true copy of a print out detailing every payment made by National Grange in connection with the bonds. Pages 1 and 2 contain a summary of losses paid and expenses paid. The figures from these two pages added together yield the total losses and expenses paid. Pages 3, 4 and 5 list the payments paid by transaction and pages 4 through 15 show the details for each payment made.

11. In accordance with the terms of the Indemnity Agreement, National Grange demanded that all of the defendants, as individual indemnitors, reimburse National Grange for the sums expended under Bond Nos. S-

240129 and S-228887. Defendants Stephen Capozzoli and Sherri A. Capozzoli have filed for bankruptcy protection (a Suggestion of Bankruptcy on the Record was filed on June 16, 2005). Defendants David M. Capozzoli and Beverly M. Capozzoli have failed and refused to provide reimbursement to National Grange and have been defaulted in connection with this proceeding for failing to answer the plaintiff's Complaint.

12. There now remains due and owing from David M. Capozzoli and Beverly M. Capozzoli to National Grange on the claim which is the basis for the Complaint in this action, the sum of $896,716.95, plus statutory interest of $16,357.92 (9%) relative to Bond No. S-228887 beginning on February 7, 2005, thirty days following the date of the last payment on the bond. No statutory interest is sought relative to Bond No. S-240129 since the last payment on the bond was made on August 30, 2005.

13. The defendants have been duly credited for all payments or credits due and have no counterclaims, setoffs or defenses to this action;

14. National Grange holds no security for the payment and/or satisfaction of this claim.

Eli Cinq-Mars, Bond Claims Attorney
National Grange Mutual Ins. Co.

Subscribed and sworn to before me at Keene, New Hampshire this 30 day of September, 2005.

NOTARY PUBLIC
My Commission Expires: 9/17/08

**CERTIFICATION**

I hereby certify that a copy of the within was mailed to David M. Capozzoli and Beverly M. Capozzoli, 360 Burnt Hill Road, Scituate, RI on the 3 day of Oct., 2005.