# AGREEMENT OF INDEMNITY

THIS Agreement of Indemnity (hereinafter called Agreement), made and entered into this _18th_ day of _February_, 19 _94_ by and between _State Electric, Inc._

as CONTRACTOR and _Stephen L. Capozzoli, David M. Capozzoli and Sherri A. Capozzoli and Beverly M. Capozzoli_

as INDEMNITORS, and National Grange Mutual Insurance Company, as SURETY,

WHEREAS, the CONTRACTOR, in the performance of contracts and the fulfillment of obligations generally, whether solely in its own name or as co-venturer with others may desire, or be required, to give or procure certain BONDS, and;

WHEREAS, at the request of the CONTRACTOR and the INDEMNITORS and upon the express understanding that this Agreement should be given, the SURETY has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said bonds on behalf of the CONTRACTOR, and;

WHEREAS, the INDEMNITORS have a substantial, material or beneficial interest in the obtaining, renewing, continuing, or substituting of the bonds, and;

WHEREAS, SURETY has relied upon and will continue to rely upon the representations of CONTRACTOR and INDEMNITORS as to their character, identity, control, beneficial ownership, financial condition and existence in executing or procuring bonds:

NOW THEREFORE, in consideration of the above stated premises, the CONTRACTOR and INDEMNITORS for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with the SURETY, its successors and assigns, as follows:

## DEFINITIONS

FIRST: Where they appear in this Agreement, the following terms are defined as set forth in this section:

BOND means an undertaking, a contract of suretyship, guaranty or indemnity, an agreement, consent or letter to provide such an undertaking or contract, and the continuation, extension, alteration, renewal or substitution of such an undertaking, contract, agreement, consent or letter, whether with the same or different penalties and conditions, executed or procured by the SURETY.

CONTRACT means an agreement between CONTRACTOR and a third party, together with all associated documents (including but not limited to general and special conditions, specifications and drawings) for which SURETY executes or procures the execution of a bond.

EVENT OF DEFAULT means any one or more of the following:

(A) Any declarations of default by an obligee on any BOND, abandonment, forfeiture, or breach of, or failure, refusal or inability to perform, any contract or obligation contained in a bond, whether actual or alleged;

(B) Any failure, delay, refusal or inability of the CONTRACTOR to pay claims, bills or other indebtedness incurred in, or in connection with the performance of any contract, to the extent due in whole or in part;

(C) The failure to perform, or comply with any of the terms, covenants or obligations in this Agreement;

(D) The failure to pay or discharge, when due, any indebtedness of the CONTRACTOR to the SURETY;

(E) An assignment by the CONTRACTOR for the benefit of creditors, or the appointment, or an application by the CONTRACTOR for the appointment, of a receiver or trustee for the CONTRACTOR or its property, whether insolvent or not, or an application by the CONTRACTOR for reorganization or arrangement under any bankruptcy laws of the United States or of any State, possession or territory of the United States, or if proceedings for the appointment of a receiver or trustee, for liquidation or for the reorganization or arrangement of the CONTRACTOR shall be initiated by other persons;

(F) If the CONTRACTOR or INDEMNITOR is an individual, the CONTRACTOR'S or INDEMNITOR'S death, absconding, disappearing, incompetency, being convicted of a felony or imprisoned, or if the CONTRACTOR or INDEMNITOR is any other type of entity, any change or threat of change in the character, identity, control, arrangement, beneficial ownership or existence of the CONTRACTOR or INDEMNITOR;

(G) Any proceeding or the exercise of any rights by any individual or entity which deprives or impairs CONTRACTOR'S use of its plant, machinery, equipment, plans, drawings, tools, supplies or materials;

(H) The happening of any event other than those specified in (A) through (G) which, in the SURETY'S sole opinion, may expose SURETY to loss, cost or expense.

68-1121 (12/92)   — 1 —

EXHIBIT D

CONTRACTOR means any one, combination of, or all of the named individuals, firms or corporations set forth including any of their present or future subsidiary corporations which they may now or hereafter control or be affiliated with, or their successors in interest, whether alone or in joint venture with others not named herein, including any such entity for which SURETY executes bonds.

SURETY means National Grange Mutual Insurance Company, and its successors, assigns, affiliates, associates and subsidiary companies.

## NOTICE TO SURETY OF ANTICIPATED
## CHANGE IN NATURE OF CONTRACTOR OR INDEMNITORS

SECOND: Written notice must be given by CONTRACTOR or INDEMNITORS to SURETY at its Keene, New Hampshire bond office, located at 55 West Street, Keene, NH 03431, at the earliest practical time of any anticipated change or negotiations entered into by CONTRACTOR or INDEMNITORS for any anticipated change in the character, identity, control, arrangement, beneficial ownership (including, if a corporation, ownership of more than 5% of the stock of CONTRACTOR or INDEMNITOR), or existence of the CONTACTOR or INDEMNITORS.

## INDEMNITY AND HOLD HARMLESS

THIRD: The CONTRACTOR and INDEMNITORS shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including court costs, counsel fees, investigative costs, and from and against any and all other such losses and expenses which the SURETY may sustain or incur:

    (A) By reason of having executed or procured the execution of Bonds;

    (B) By reason of the failure of the CONTRACTOR or INDEMNITORS to perform or comply with any of the covenants or conditions of this agreement;

    (C) In enforcing any of the covenants or conditions of this Agreement;

    (D) In making any investigation, obtaining or attempting to obtain a release, or recovering or attempting to recover loss or unpaid bond premium in connection with any Bond;

    (E) In prosecuting or defending any action or claim in connection with any Bond, whether SURETY at its sole option elects to employ its own counsel, or permits or requires CONTRACTOR and INDEMNITORS to make arrangements for the SURETY'S legal representation.

Payment shall be made to the SURETY by the CONTRACTOR and INDEMNITORS as soon as liability exists or is asserted against the SURETY, whether or not the SURETY shall have made any payment thereof. Such payment shall be either equal to the amount of any reserve set by the SURETY, or equal to such amount as the SURETY, in its sole judgment, shall deem sufficient to protect it from loss. The SURETY shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the INDEMNITORS would by obligated to indemnify the SURETY under the terms of this agreement.

In the event of any payment by the SURETY, the CONTRACTOR and INDEMNITORS further agree that in any accounting between the SURETY and the CONTRACTOR, or between the SURETY and the indemnitors, or either or both of them, the SURETY shall be entitled to reimbursement for any and all disbursements made by it in good faith in and about the matters contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity, or expediency existed; and that the vouchers or other evidence of any such payments made by the SURETY shall be prima facie evidence of the fact and amount of the liability to the SURETY. In addition to the payments to be made to SURETY as set forth above, CONTRACTOR and INDEMNITOR agree to pay to SURETY interest on all disbursements made by SURETY at the maximum rate permitted by law calculated from the date of each disbursement.

## ASSIGNMENT

FOURTH: The CONTRACTOR, and the INDEMNITORS as their interests may appear hereby assign, transfer and set over to SURETY the rights and property described hereafter, as collateral, to secure any and all obligations in this Agreement and any other indebtedness or liabilities of the CONTRACTOR to the SURETY, whether heretofore or hereafter incurred:

    (A) All the rights of the CONTRACTOR in, and arising in any manner out of any CONTRACT;

    (B) All the rights, title and interest of the CONTRACTORS or INDEMNITORS in and to all machinery, equipment, plant, tools, inventory and materials which are now, or may hereafter be, utilized in connection with any contract, regardless of whether they are located at a construction site, in storage elsewhere, or in transit anywhere.

    (C) All the rights, title and interest of the CONTRACTOR in and to all subcontracts and purchase orders let or about to be let in connection with any CONTRACT and in and to all SURETY bonds supporting such subcontracts or purchase orders;

    (D) All the rights, title and interest of the CONTRACTOR in and to any actions, causes of action, claims or demands whatsoever which the CONTRACTOR may have or acquire against any party to the CONTRACT, or actions, causes of action, claims or demands arising out of or in connection with any CONTRACT including but not limited to those against obligees on bonds, design professionals, subcontractors, laborers or materialmen or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools, inventory or other equipment in connection with or on account of any CONTRACT and against any SURETY or sureties of any obligee, subcontractor, laborer, or materialmen;

(E) All monies retained and any and all monies that may be due or hereafter become due to account of any CONTRACT whether bonded or unbonded.

(F) Any and all rights, title, interest in, or use of any patent, copyright or trade secret which is or may be necessary for the completion of any bonded work; and

(G) All monies due or to become due to CONTRACTOR on any policy of insurance relating to any claims arising out of the performance of any CONTRACT, including, but not limited to, claims under builders risk, fire, employee dishonesty or workers compensation insurance policies, including premium refunds.

The assignments shall become effective as of the effective date of each bond executed by SURETY. The SURETY agrees to forebear exercising the rights granted to it under this section Fourth until the occurrence of an EVENT OF DEFAULT.

## SETTLEMENTS

FIFTH: SURETY shall have the exclusive right in its name or in the name of the CONTRACTOR to adjust, settle or compromise any claim, counterclaim, demand, suit or judgment involving any bond or to take whatever other action it may deem necessary, expedient or appropriate. SURETY'S determination as to whether any such claim, counterclaim, demand, suit or judgment should be settled or defended shall be binding and conclusive upon the CONTRACTOR and INDEMNITORS.

## PROSECUTION OF CLAIMS

SIXTH: SURETY shall have the full and exclusive right, in its name or in the name of the CONTRACTOR, but not the obligation, to prosecute, compromise, release or otherwise resolve any of the claims, causes of action or other rights assigned to SURETY in the fourth paragraph above, entitled assignment, upon such terms as SURETY, in its sole discretion shall deem appropriate.

## PREMIUMS

SEVENTH: The CONTRACTOR and INDEMNITORS will pay to the SURETY all premiums and charges of the SURETY for the bonds.

## TRUST FUND

EIGHTH: The CONTRACTOR and INDEMNITORS covenant and agree that all payments received for or on account of any CONTRACT shall be held in trust as a trust fund for the payment of obligations incurred or to be incurred in the performance of any CONTRACT and for labor, materials, and services furnished in the prosecution of the work in any CONTRACT or any extension or modification thereof. It is expressly understood and declared that all monies due and to become due under any CONTRACT are also trust funds, whether in the possession of the CONTRACTOR or INDEMNITORS or otherwise. The trust funds shall be for the benefit and payment of all obligations for which the SURETY may be liable under any bonds. The trust shall incur to the benefit of the SURETY for any liability or loss it may have or sustain under any bond, and this agreement and declaration constitute notice of such trust.

## PERFECTION OF SECURITY INTERST

NINTH: This agreement shall constitute a security agreement for the benefit of the SURETY and also a financing statement, both in accordance with the provisions of the Uniform Commercial Code or similar statute and may be so used by the SURETY without in any way abrogating, restricting or limiting the rights of the SURETY under this agreemnt or under law or in equity. SURETY may add such schedules to this Agreement describing specific items of security covered hereunder as shall be necessary.

## TAKEOVER

TENTH: Upon the occurrence of an EVENT OF DEFAULT, the SURETY shall have the right, but at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or by the terms of this Agreement, to take possession of any part or all of the work under any CONTRACT, and at the expense of the CONTRACTOR and INDEMNITORS to complete or arrange for the completion of the same.

## CHANGES

ELEVENTH: The SURETY, at its sole option, is authorized and empowered, without notice to or knowledge of the INDEMNITORS, to agree or refuse to agree to any change whatsoever in any bond, or any CONTRACT, including, but not limited to, any change in the time for the completion of any CONTRACT and to payments or advances thereunder before the same may be due, and to assent to or take any assignment or assignments, to execute or consent to the execution of any continuations, extensions or renewals of any bond and to execute any substitute or substitutes therefore, with the same or different conditions, provisions and obligees and with the same or larger or smaller penalties. It is expressly understood and agreed that the INDEMNITORS shall remain bound under the terms of this Agreement even though any such assent by the SURETY does or might substantially increase the liability of said INDEMNITORS.

## ADVANCES

TWELFTH: The SURETY, at its sole option, is authorized and empowered to guarantee loans, to advance or lend to, or for the account of, the CONTRACTOR any money, which the SURETY in its sole discretion may see fit to do, reserving to itself, however, the absolute right to cancel any such guarantee and to cease advancing or lending money to the CONTRACTOR or for the account of the CONTRACTOR with or without cause and with or without notice to CONTRACTOR. All money expended by the SURETY, or lent or advanced from time to time to, or for the account of, the CONTRACTOR or

guaranteed by the SURETY, and all related costs and expenses incurred by the SURETY, shall be loss to the SURETY for which the CONTRACTOR and the INDEMNITORS shall be responsible, notwithstanding that said money or any part thereof should not be so used by the CONTRACTOR.

### BOOKS AND RECORDS

THIRTEENTH: At any time, and until such time as the liability of the SURETY under all bonds is terminated or SURETY is fully reimbursed all amounts due to it under the Agreement, the SURETY shall have the right of access to the books, records, accounts, and documents of the CONTRACTOR and INDEMNITORS, wherever located, for the purpose of inspection, copying or reproduction. Any financial institution, depository, materialman, supply house, or other person, firm, or corporation, when requested by the SURETY, is hereby authorized to furnish the SURETY any information requested, including, but not limited to, the status of the work under any CONTRACT being performed by the CONTRACTOR, the condition of the performance of any CONTRACT and payments of accounts. Upon the occurrence of an EVENT OF DEFAULT, CONTRACTOR and INDEMNITORS, upon SURETY'S request, shall immediately turn over to SURETY, or its designee, at a place and in a manner designated by SURETY such books, records, accounts, documents and CONTRACTS in whatever form, as requested by SURETY.

### DECLINE EXECUTION

FOURTEENTH: CONTRACTOR and INDEMNITORS are not obligated to request the SURETY to execute, provide or procure any bond required of them in the performance and fulfillment of obligations; furthermore the SURETY has the right to decline to execute, provide or procure any bond requested by CONTRACTOR. If SURETY does execute, provide or procure the execution of a bid bond or proposal bond, or agrees or consents to provide such CONTRACT of suretyship, SURETY retains the right to decline to execute the final bond (including, but not limited to, performance, payment or maintenance bond(s)) that may be required in connection with any award that may be made under the bid proposal or tender to which the bid proposal bond or agreement or consent to provide such CONTRACT of suretyship is given.

### WAIVER OF NOTICE

FIFTEENTH: The INDEMNITORS hereby waive notice of the execution of any bond and of the acceptance of this agreement. CONTRACTOR and INDEMNITORS hereby waive all notice of any default, payment or any other act or acts giving rise to any claim under any bond, as well as notice of any and all liability of the SURETY under any bond, and any and all liability on their part hereunder, to the end and effect that, the CONTRACTOR and the INDEMNITORS shall be and continue liable hereunder.

### SUITS

SIXTEENTH: Separate suits may be brought by SURETY to enforce the terms of this agreement as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether previously or subsequently arising.

The CONTRACTOR and each INDEMNITOR is the agent for the CONTRACTOR and all INDEMNITORS for the purpose of accepting service of any process in the jurisdiction in which the CONTRACTOR or INDEMNITORS accepting the process resides, is domiciled, is doing business or is found.

In the event SURETY shall file suit at law or in equity to enforce the terms of this agreement, SURETY shall be entitled to recovere its own attorneys' fees and expenses in connection with such suit.

### SET OFF

SEVENTEENTH: SURETY may reduce the amount of CONTRACTOR'S and INDEMNITORS liability to SURETY hereunder by applying to such liability any money payable to CONTRACTOR and/or INDEMNITORS by SURETY. The money payable to CONTRACTOR or INDEMNITORS may be, but is not limited to, any money payable by SURETY as an insurer of CONTRACTOR or INDEMNITORS or as an insurer of any other individual or legal entity, or any money payable to CONTRACTOR or INDEMNITORS as a return of unearned or other premiums, or money payable to settle a claim of CONTRACTOR or INDEMNITORS against SURETY or any individual or other legal entity insured or bonded by SURETY.

### OTHER SURETIES

EIGHTEENTH: If the SURETY procures the execution of any bond by other sureties, or executes the bonds with co-sureties or reinsures any portion of said bonds with reinsuring sureties, then all the terms and conditions of this agreemnt shall inure to the benefit of such other sureties, co-sureties and reinsuring sureties, as their interests may appear.

### TERMINATION

NINETEENTH: If CONTRACTOR or INDEMNITORS previously executed an agreement in favor of SURETY, SURETY'S accepting this agreement neither terminates such previous agreement nor relieves CONTRACTOR or INDEMNITORS from liability to SURETY.

This agreement may be terminated as to CONTRACTOR or any INDEMNITORS upon written notice to SURETY by CONTRACTOR or INDEMNITORS, or by CONTRACTOR'S or INDEMNITOR'S legal representatives or successors, by registered or certified mail addressed to SURETY at its home office at The Bond Department, 55 West Street Keene, NH, 03431.

Termination of this agreemnt shall not be effective until thirty (30) days after receipt of said written notice by SURETY.

Termination of this agreement shall not relieve the CONTRACTOR or INDEMNITORS from liability to SURETY arising out of bonds executed, provided or procured by SURETY on behalf of CONTRACTOR prior to the effective date of such termination and for which this agreement is part of the consideration on which SURETY relied in executing, providing or procuring such bonds.

It is understood and agreed that oral notice to or constructive notice to any agent or employee of SURETY shall not constitute effective notice of termination under this agreement.

### NOTIFICATION TO INDEMNITORS

TWENTIETH: The INDEMNITORS agree among themselves and hereby acknowledge to SURETY that notification by SURETY to any one INDEMNITOR shall constitute notification to all INDEMNITORS.

### SUBORDINATION OF INDEMNITORS

TWENTY-FIRST: The CONTRACTOR and INDEMNITORS waive and subordinate all rights of indemnity, subrogation and contribution each against the other until all obligations to the SURETY under this agreement, at law or in equity, have been satisfied in full.

### HOMESTEAD

TWENTY-SECOND: The CONTRACTOR and the INDEMNITORS hereby waive, to the extent permitted by law, so far as their respective obligations under this agreement are concerned, all rights to claim any of their property including their respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any State, Territory, or Possession.

### POWER OF ATTORNEY

TWENTY-THIRD: The CONTRACTOR and INDEMNITORS hereby irrevocably nominate, constitute, appoint and designate the SURETY, through its authorized representative(s), as their attorney-in-fact with the right but not the obligation, to exercise all of the rights of the CONTRACTOR and INDEMNITORS assigned, transferred and set over to SURETY in this agreement, and in the name of the CONTRACTOR and INDEMNITORS to make, execute, and deliver any and all additional or other assignments, documents, or papers, checks, drafts, warrants or other instruments made or issued in payment of any obligation to which SURETY has the right to receipt of payment pursuant to this agreement deemed necessary and proper by the SURETY in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the SURETY under all other provisions of this agreement. The CONTRACTORS and INDEMNITORS hereby ratify and confirm all acts and actions taken and done by SURETY as such attorney-in-fact.

### SEVERABILITY AND PARTIAL EXECUTION

TWENTY-FOURTH: If any provision or provisions, or portion thereof, of this agreement shall be void or unenforceable under the laws of any jurisdiction governing its construction, this agreement shall not be void or vitiated thereby, but shall be construed and enforced with the same effect as though such provision or provisions, or portion thereof, were omitted.

In case any of the parties mentioned in this agreement fail to execute the same, or in case the execution hereof by any of the parties shall be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed.

### NOTICE TO SURETY

TWENTY-FIFTH: The CONTRACTOR and INDEMNITORS shall promptly provide written notice to the SURETY at the Bond Department, 55 West Street, Keene, NH 03431, of either of the following events:

(1) Notice by any obligee on any bond to the CONTRACTOR that the CONTRACTOR is in default or has failed or refused to perform any CONTRACT obligation;

(2) Notice by any obligee on any bond to the CONTRACTOR that the CONTRACTOR cure its performance or show cause as to why the CONTRACTOR should not be terminated for default.

### GENERAL PROVISIONS

TWENTY-SIXTH: SURETY'S rights hereunder shall be deemed to be cumulative with, and in addition to, all other rights of SURETY, however derived. SURETY is not required to exhaust its remedies or rights against CONTRACTOR or to await receipt of any final dividends from the CONTRACTOR before asserting its rights against any one or more INDEMNITORS.

This agreement is to be liberally construed so as to protect, exonerate and indemnify SURETY.

The paragraph titles as contained in this agreement are descriptive only and do not restrict or modify the terms of the agreement. In the event of any inconsistency between the paragraph titles and the terms of this Agreement, the terms of this Agreement shall control.

### WAIVER AND MODIFICATION

TWENTY-SEVENTH: The rights and remedies afforded to the SURETY by the terms of this agreement may not be waived or modified orally and no written change or modification shall be effective until signed by an employee of the SURETY.

## MERGER AND CONSOLIDATION

**TWENTY-EIGHTH:** THE CONTRACTOR AND INDEMNITORS HAVE READ AND UNDERSTAND THIS AGREEMENT. EXCEPT FOR ANY PREVIOUS INDEMNITY AGREEMENT EXECUTED BY CONTRACTOR OR INDEMNITORS THIS AGREEMENT OF INDEMNITY CONSTITUTES THE ENTIRE AGREEMENT BETWEEN THE PARTIES. NO OTHER SEPARATE AGREEMENTS OR UNDERSTANDING, PAST, PRESENT OR FUTURE WHETHER ORAL OR WRITTEN CHANGE THE TERMS OF THIS AGREEMENT.

Address: 405 Kilvert Street, Unit D
Warwick, RI 02886
SS # or ID #: _____

Contractor: State Electric, Inc. (Full Name of Contractor)
By: _____ (Signature and Title) President
Stephen L. Capozzoli
Date of Birth: _____

Address: 43 Clarke Road, Coventry, RI
SS # or ID#: 0_____

Indemnitor: Stephen L. Capozzoli (Full Name of Indemnitor)
By: _____ (Signature of Indemnitor)
Date of Birth: 12/7/63

Address: 43 Clarke Road, Coventry, RI
SS # or ID #: _____7

Indemnitor: Sherri A. Capozzoli (Full Name of Indemnitor)
By: _____ (Signature of Indemnitor)
Date of Birth: 7/28/64

Address: 31 Clarke Road, Conventry, RI
SS # or ID # _____

Indemnitor: David M. Capozzoli (Full Name of Indemnitor)
By: _____ (Signature of Indemnitor)
Date of Birth: 3/28/66

Address: 31 Clarke Road, Coventry
SS # or ID # _____

Indemnitor: Beverly M. Capozzoli (Full Name of Indemnitor)
By: _____ (Signature of Indemnitor)
Date of Birth: 10/18/60

Address: _____
SS # or ID # _____

Indemnitor: _____ (Full Name of Indemnitor)
By: _____ (Signature of Indemnitor)
Date of Birth: _____

** Personal, corporate and partnership acknowledgements and additional signature pages if necessary will be added to this agreement as addendums.

— 6 —

* Attention Notaries * Please type or print your name below your signature and include your address.

## INDIVIDUAL NOTARIZATIONS

State of __Rhode Island__
County of __Kent__ }ss:

On this __18th__ day of __February__, 19__94__, before me personally came __Stephen L. Capozzoli, Sherri A. Capozzoli and David M. Capozzoli and Beverly M. Capozzoli__ to me known, and known to me to be the individual(s) who executed the foregoing instrument, and that (she) (he) (they) executed the same.

Address: __1100 WARREN AVE__
__EAST PROV. RI 02914__

Notary: __ELAINE M ALTRUI__
My Commission Expires: __June 30, 1996__

---

State of _____
County of _____ }ss:

On this _____ day of _____, 19____, before me personally came _____ to me known, and known to me to be the individual(s) who executed the foregoing instrument, and that (she) (he) (they) executed the same.

Address: _____

Notary: _____
My Commission Expires: _____

## PARTNERSHIP NOTARIZATION

State of _____
County of _____ }ss:

On this _____ day of _____, 19____, before me personally came _____ to me known, and known to me to be one of the firm of _____ and acknowledge that he executed the foregoing instrument as the act of the said firm.

Address: _____

Notary: _____
My Commission Expires: _____

---

State of _____
County of _____ }ss:

On this _____ day of _____, 19____, before me personally came _____ to me known, and known to me to be one of the firm of _____

Address: _____

Notary: _____
My Commission Expires: _____

* Attention Notaries * Please type or print your name below your signature and include your address.

## CORPORATION NOTARIZATION

State of __Rhode Island__  
County of __Kent__ }ss:  
On this __18th__ day of __February__, 19__94__, before me personally came __Stephen L. Capozzoli__

to me known, who, being by me duly sworn, did depose and say that he resides in __Town of Coventry__ that he is the __President__ of the __State Electric, Inc.__ the corporation which executed the foregoing instrument: that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said instrument by like order.

Address: __1100 WARREN AVE__  
__EAST PROV. RI 02914__

Notary: __Elaine M Altrui__  
My Commission Expires: __June 30, 1996__

— 8 —